UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ARMANDO TRUJILLO,<br>Defendant. | Case No. 20-cr-00028-EJD-1 (SVK)<br><br>**DETENTION ORDER** |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of the defendant ARMANDO TRUJILLO, and on February 25, 2020, the Court held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. This order sets forth the Court's findings of fact and conclusions of law as required by 18 U.S.C. § 3142(i).[1] The Court finds that detention is warranted.

The defendant was present at the detention hearing, represented by Assistant Federal Public Defender Dejan Gantar. The Government was represented by Assistant U.S. Attorney Jimmy Doan.

The defendant is charged by indictment in this District with violation of Title 18 U.S.C. section 922(g)(1) – Felon in Possession of a Firearm and Ammunition. Specifically, the indictment asserts that TRUJILLO, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a Hi-Point Model CF380 semi-automatic handgun loaded with seven rounds of ammunition, and the firearm

---

[1] Defendant waived written findings, however in the interest of justice, the Court issues this order.

and ammunition were in and affecting interstate commerce, all in violation of Title 18, U.S.C. section 922(g)(1).

As documented in the ECF records, TRUJILLO initially appeared on February 14, 2020. A detention hearing was initially scheduled for February 21, 2020, and a record check report was requested. On February 21, the detention hearing was continued to February 25, 2020. A report prepared by Pretrial Services on February 24, 2020, recommends that TRUJILLO may pose a risk a nonappearance and a risk of danger to the community and that these risks can be reasonably mitigated by a combination of release conditions including an unsecured bond by proffered surety Ms. Christina Herrera, location monitoring and home detention.

The detention hearing was held publicly. Both parties were allowed an opportunity to call witnesses and to present evidence. Both parties presented their arguments by way of proffer through counsel. Both parties may appeal this detention order to the assigned trial judge, U.S. District Judge Edward Davila.

**I.      PRESUMPTIONS**

The charged offense does not create a rebuttable presumption of detention.

**II.     REBUTTAL OF PRESUMPTIONS**

Not applicable.

**III.    WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS**

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows:

The Court adopts the facts set forth in the Pretrial Services Report, supplemented by information presented at the hearing. The Court finds that the Government has established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant at future proceedings. The Court further finds that the Government has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The reasons for the detention include the following: the weight of the evidence; the defendant's admission to purchasing the gun and the ammunition; the fact that the gun was loaded at the time of

defendant's arrest; the evidence that defendant is an alcoholic and admitted to consuming alcohol just prior to his arrest; defendant's extensive criminal history over the past 25 years, including felony convictions as recently as 2011, 2013 and 2016 and crimes of violence as recently as 2008 and 2011; defendant's status of being on probation at the time of his arrest; defendant's history of violations of terms of release, with violations as recent as 2011 and 2015; defendant's outstanding warrant for failure to appear in 2019. Mitigating factors cited by Pretrial Services and the defense include defendant's length of residence in the District, defendant's lack of ties to a foreign jurisdiction and the proffered surety Ms. Herrera. However, the Court did not find Ms. Herrera to be a viable surety in light of her criminal history, including a crime of violence as recent as 2011. In weighing the factors above and in consideration of the requisite burdens of proof, the Court orders the defendant detained.

## IV. DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

Dated: February 26, 2020

SUSAN VAN KEULEN
United States Magistrate Judge