STEVEN G. KALAR
Federal Public Defender
Northern District of California
DEJAN M. GANTAR
Assistant Federal Public Defender
8th Floor - Suite 820
55 South Market Street
San Jose, CA 95113
Telephone:   (408) 291-7753
Facsimile:   (408) 291-7399
Email:          Dejan_Gantar@fd.org

Counsel for Defendant ARMANDO TRUJILLO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 20–00028 EJD |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND EMERGENCY MOTION TO REOPEN DETENTION HEARING** |
| v. | |
| ARMANDO TRUJILLO, | **Court:** Courtroom 4, 5th Floor |
| Defendant. | **Hearing Date:** April 14, 2020 |
| | **Hearing Time:** 10:00 a.m. |

TO DAVID ANDERSON, UNITED STATES ATTORNEY, and MARISSA HARRIS, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE THAT ON April 14, 2020, at 10:00 a.m., or as soon as thereafter he may be heard, Defendant Armando Trujillo by and through counsel will, and hereby does, move the Court pursuant to 18 U.S.C. § 3142(f)(2)(B), and all other applicable statutes and case law, to enter an order reopening the detention hearing held on April 10.

This motion is based on the instant Notice of Motion, the Memorandum of Points and Authorities which follows, the files and records of this case, the argument made at the hearing on this

motion, and such further argument and memoranda as may later be presented.

DATED: April 10, 2020                             Respectfully submitted,

                                                  STEVEN G. KALAR
                                                  Federal Public Defender

                                                  */s/ Dejan M. Gantar*
                                                  DEJAN M. GANTAR
                                                  Assistant Federal Public Defender

**MEMORANDUM OF POINTS & AUTHORITIES**

Armando Trujillo, by and through counsel, submits this emergency motion to reopen the detention hearing held on April 10, 2020.

A defendant may move to reopen a detention hearing if the Court "[1] finds that information exists that was not known to the movant at the time of the hearing and [2] that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). Evidence under the rule is material "if there is a reasonable probability that . . . the result of the proceeding would have been different" had that information been originally presented. *United States v. Bills*, 2019 WL 1901643 (M.D. Tenn., April 29, 2019) (internal citation omitted).

On April 10, this Court held a hearing on Mr. Trujillo's emergency appeal of the magistrate court's denial of motion for release. At that hearing, defense counsel inadvertently and mistakenly informed the Court that Mr. Trujillo's housing unit at Santa Rita jail was in quarantine until April 20 as a result of COVID-19. The Court noted that it would not release Mr. Trujillo while he was in quarantine, took the motion under submission, and scheduled a hearing for April 21, one day after the anticipated lifting of the quarantine, for further status. Shortly after the hearing, defense counsel discovered his representation was made in error.[1]

After the hearing, defense counsel spoke with Mr. Trujillo, who informed him that the quarantine in his housing unit had been lifted yesterday. Defense counsel queried Mr. Trujillo's name in the Alameda County Inmate Locator system, *see* https://www.acgov.org/sheriff_app/inmateSearch.do, which reflects that Mr. Trujillo is housed in Housing Unit 31D. The Alameda County Sheriff's Office website reflects that Housing Units 31A, 31B, and 31C are all on quarantine until April 20. https://www.alamedacountysheriff.org/admin_covid19.php. However, Mr. Trujillo's unit, Housing Unit 31D, is *not* reflected as being quarantined. When defense counsel checked the status of the jail's quarantines during the hearing, he mistakenly believed Mr. Trujillo was housed in Housing Unit 31A,

---

[1] As a result of the ongoing COVID-19 pandemic, the hearing was held telephonically, and Mr. Trujillo's presence was waived. As such, he was unable to correct counsel's error regarding the Housing Unit he was in, and his quarantine status.

and accordingly, incorrectly informed the Court that Mr. Trujillo would be in quarantine until April 20.

Counsel deeply apologizes to the Court, and the parties, for this inadvertent error. Nonetheless, Mr. Trujillo respectfully contends reopening the detention hearing and advancing the April 21 hearing is warranted, as this discovery constitutes new material information that could have resulted in a different proceeding.

Finally, the Government and the Court expressed concern regarding the logistics of Mr. Trujillo's proposed release plan at the April 10 hearing, including his ability to obtain a smartphone so that he could maintain contact with Pretrial Services during his temporary release. Counsel now informs the Court that one of Mr. Trujillo's proposed sureties, Marisol Soriano, who participated in the telephonic hearing on April 10, informed counsel that she has a spare and functioning Samsung Galaxy S6 smartphone, that she is willing to provide to Mr. Trujillo so that he may conduct video conferences with Pretrial Services during his temporary release.

## CONCLUSION

For the foregoing reasons, Mr. Trujillo respectfully requests the Court reopen the detention hearing.

DATED: April 10, 2020                                  Respectfully submitted,

                                                              STEVEN G. KALAR
                                                              Federal Public Defender
                                                              Northern District of California

                                                             */s/ Dejan M. Gantar*
                                                             DEJAN M. GANTAR
                                                             Assistant Federal Public Defender